## IN THE

# SUPREME COURT OF JUDICATURE

## OF THE

# STATE OF NEW JERSEY,

### AT NOVEMBER TERM, 1854.

---

### ABRAHAM C. VAN PELT v. WILLIAM T. PHILLIPS.

1. Where an action of trespass *quare clausum fregit* is brought in a justice's court and title pleaded, and a suit for the same trespass brought in this court thereupon, although the suit in the court below is not referred to in the pleadings, this court will take notice of that fact upon the plea being produced, countersigned by the parties so as to enable them to award costs.

2. Where the declaration in this court is for the same trespass as that in the suit commenced in the justice's court, and the plaintiff new assigns and damages under two hundred dollars are assessed upon a plea of guilty as to part of the newly assigned trespass, the plaintiff will recover costs.

3. If a defendant in trespass *quare clausum fregit* admits parts of the trespass and denies or justifies the residue, and upon the trial so many of the issues are proved for the defendant as to entitle him to judgment upon them for the part of the trespass not admitted, the plaintiff will not be entitled to the costs of the trial, but the defendant will be entitled to have his costs on the trial taxed and set off against the judgment for the plaintiff.

---

This was an action of trespass *quare clausum fregit,* originally commenced before a justice, where the defendants pleaded title. The state of demand and declaration being general, without specifying any particular close, and the defendants having in this court pleaded *liberum tenemen-*

560

*tum*, the plaintiff new assigned, setting out his close by metes and bounds. To this new assignment the defendants pleaded not guilty, and five special pleas claiming title under a right of way, in one claimed to be a public highway, in the others a private way, differently stated. To these pleas the plaintiff replied, joining issue on the plea of not guilty, and denying the several rights of way and newly assigned trespasses to a greater degree and extent than was necessary for using the rights of way, and also for other and different purposes and in other and different parts of the said close, out of the said ways in those pleas mentioned. Defendants joined issue on the replications to the special pleas, and as to the said trespasses newly assigned, and alleged to be other and different from those mentioned and justified, except such of them as were alleged to have been done in other and different parts of the said close, out of the said ways, they pleaded not guilty; and as to the residue of said trespasses newly assigned, they confessed the action of plaintiff, and that they were guilty thereof and relinquished and abandoned so much of their first plea as traversed the same.

Upon the trial at the Mercer circuit, the jury found upon the first issue as restricted by the plea to the new assignment, that the defendants were not guilty; as to the issues upon the other pleas (except the second,) as to the private way therein claimed, they found for the defendants; and as to the issue on the second plea as to the public way therein claimed, they found for the plaintiff; and they assessed the damages for the injury by the said defendants confessed, at forty dollars.

The case was argued before Justices ELMER and HAINES.

Mr. *Hageman*, for plaintiff, now claimed full costs. He referred to *Rev. Stat.* 241, 450, 951; 1 *Harr.* 263; *Woolwich on Ways*, 238, and the cases therein referred to.

Mr. *Beasley*, for defendants, insisted that plaintiff is not

entitled to any costs, but that defendants are entitled to costs ; if not full costs, at all events costs of the trial. He cited 1 *Chit. Pl.*, 676 ; 13 *East* 191 ; *Thornton* v. *Williamson.*

ELMER, J. The fortieth section of the Small Cause Act, (*Rev. Stat.* 241,) expressly enacts that when to an action brought before a justice, the defendant pleads title, the plaintiff may commence and prosecute his action in the supreme court, and if in such action the plaintiff recovers any damages, he shall be entitled to and recover therewith all costs of suit. This case comes within that section, and the plaintiff is entitled to his costs. It was objected on the argument, that the court cannot take judicial notice of the fact that the action was originally brought before a justice, and title pleaded there. Although at first I felt some doubt on this point, I am now satisfied that we are not precluded from acting upon the real facts of the case, by the circumstance that they do not appear on our record. The plea, countersigned by the justice, is delivered to the plaintiff, and is made by the forty-first section of the act, conclusive evidence that the defendant relied on title by way of justification. Upon the production of such a plea, we prescribe the mode in which the defendants must plead in this court. To determine how costs shall be awarded, the fact that the title came in question on the trial, will be ascertained in actions of trespass by the written certificate, and in other actions by the oral statement of the judge. (*Hunt* v. *Morris*, 7 *Hal.* 175.) Upon the same principle we may now ascertain from the proceedings before the justice, that this action was originally commenced there, and is now prosecuted in this court, in pursuance of the statute. These facts being suggested on the record, the right to costs will follow.

In this case the defendants pleaded not guilty to the new assignment, as well as several pleas in justification, which were special pleas of title, and the plaintiff, without questioning his right to do so, replied to all the pleas. This

Van Pelt v. Phillips et al.

mode of pleading, in my opinion, was in conformity to the act; but whether it was or was not, I do not think it deprives the plaintiff of his right to the costs, he having succeeded in recovering some damages. The new assignment and the subsequent pleadings did not make it a different action, as it would have been had the plaintiff in his declaration departed from the cause of action contained in his state of demand, filed before the justice.

But it remains to inquire, to what costs is the plaintiff legally entitled, and whether the defendants are entitled to any costs on the issues found for them. The expression in the act, that the plaintiff shall recover *all* costs of suit, would seem, at first view, broad enough to entitle him to all the costs that might accrue, under any state of pleadings, provided only he recovered some damages. I do not think, however, that this is the true meaning of the section, when considered in connection with other provisions *in pari materia.* The act of which this section is a part, gives a justice of the peace jurisdiction of actions of trespass and of other actions, in which the title may or may not come in question, according to the pleadings and evidence. If the plaintiff can succeed without giving in evidence his title, he may do so; and the defendant is precluded from setting up his title, unless he puts in a special plea accompanied by the requisite bond, in which case the action can be no further prosecuted in the inferior court. The object of the provision in regard to the costs, was to place the plaintiff in the same position he would have been in had he originally commenced his action in the supreme court, and the title had actually come in question on the trial. By the act concerning costs (*Rev. Stat.* 449,) the plaintiff who recovers damages is entitled to costs, with the exception, that if in suits instituted in the supreme court, the plaintiff shall not recover above two hundred dollars he shall not be entitled to costs unless the title came in question, or the suit was removed into that court by the defendant.

Inasmuch, then, as in this case the title did come in question, or what is equivalent, the action was first brought be-

fore a justice of the peace and title pleaded there, what costs is the plaintiff entitled to ? Had the case gone to trial on the single plea of title, there could be no question about it. But here were several pleas and several distinct issues. The issues upon the pleas of not guilty, and upon the third, fourth, fifth, and sixth pleas, justifying all the trespasses not confessed, or not denied by the pleas of not guilty, having been found for the defendants, they would have been entitled to a judgment in their favor, upon the whole record, had it not been for the damages found for the trespasses that were confessed. No damages were assessed for the plaintiff on the issue found in his favor, because in consequence of the verdict on the other issues, he was entitled to none. So far, therefore, as the issues tried were concerned, the plaintiff has recovered no damages, and the case stands upon the same foot-ing as if there had been no defence to part of the declara-tion, and a judgment by default had been entered for the plaintiff, for that part of his demand, and upon the other part of the declaration an issue had been tried and found for the defendant. The case of *Griffiths* v. *Davis*, (8 *T. R.* 466,) was an action of trespass *qua. cl. fre.*, the declaration containing but one count, to which the defendant pleaded three pleas of justification. The plaintiff new assigned, and stated that he brought his action as well for the trespasses mentioned in the pleas as for other trespasses committed at other times and at other places, and also traversed the justi-fications set up in the pleas, upon which issues were taken. The defendant suffered judgment by default as to the tres-passes newly assigned, and the venire was to inquire what damages the plaintiff had sustained by reason of the tres-passes as to which there was judgment, and also to try the issues joined. The jury found for the defendant on the is-sues, and assessed the damages on the judgment by default, at one shilling. After argument, the court of king's bench held, in accordance with the prior case of *Day* v. *Hanks*, (3 *T. R.* 654,) that the defendant was entitled to the costs of the is-sues found in his favor. And so in the case of *Cross* v. *John-son*, (9 *B. & C.* 613,) to trespass *qua. cl. fre.*, defendant pleaded

first, not guilty, secondly, a right of common, thirdly, a right of way. The plaintiff took issue on the plea of not guilty, and traversed the rights of common and of way; and new assigned to the second and third pleas, that the defendant, on other occasions, and for other purposes, &c., committed the trespasses complained of. Defendant, in his rejoinder, took issue upon the traverse of the right of common and right of way, and withdrew the plea of not guilty so far as it related to the trespasses newly assigned, and suffered judgment by default to the new assignment. At the trial, the issue on one of the special pleas was found for the defendant, and the jury assessed the plaintiff's damages on the new assignment at five pounds. It was held that the defendant was entitled to the costs of the trial.

It was objected on the part of the plaintiff, that he was obliged to go to trial on the second plea, which was found in his favor, and it would therefore be unjust to require him to pay the costs of the trial. But the case of *Thorton* v. *Williams*, (13 *East* 191,) gives the answer to this objection. In that case, which was quite like the present in this particular, the defendant pleaded two pleas—one setting up a right of way at all times, and the other a right of way in the daytime alone; upon which issues being joined, the issue on the first plea was found for the plaintiff, and on the second for the defendant. It being suggested that the plaintiff could have avoided going to trial on the second plea by letting judgment go by default on that plea, the court acquiesced in this view, and allowed the defendant costs. These cases were again brought under review and confirmed, in the case of *Elderten* v. *Emmens*, (4 *M. G. & Scott* 498.)

In the case of *Postan* v. *Stanway*, (5 *East* 261,) and in other cases there cited, where several issues were joined, some of which were found for the defendant, he was allowed no costs on them, because one issue was found for the plaintiff, and damages assessed on it, which he recovered. The general result of the trial was for the plaintiff. But in the cases before cited, and in this, the plaintiff recovered no damages on any issue that was tried, so that the defendant

in effect succeeded on all the issues tried, and so far as the issues were concerned, was entitled to judgment in his favor. Upon the general principles which regulate costs, the defendant ought to have the costs of a trial, in which he has succeeded in all the issues it was necessary to try, to decide the rights of the parties.

The cases above referred to, are decisions upon statutes, which, so far as the question now under consideration is concerned, are like ours; and being directly in point, and founded upon just principles, it is proper that we should follow them. The statute of 4 *and* 5 *Ann*, c. 16, *sec.* 4, 5, allowing double pleas, differs from our act to facilitate pleadings (*Rev. Stat.* 951) only in making the costs depend upon the discretion of the court. That discretion, however, relates only to the *quantum*, and not to the general right, (2 *T. R.* 391.) In England, many of the items of costs are discretionary, while here the costs are fixed by statute and cannot be varied. The right of the parties to recover them is the same here as there.

I am, therefore, of opinion that the plaintiff is entitled to no costs for the trial, but that the defendants are entitled to have their costs of the trial deducted from the plaintiff's costs and damages.

HAINES, J., concurred.